■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN FLEISHMAN, Appellant.—Judgment of the Supreme Court, New York County (Robert Haft, J.), rendered December 22, 1987, convicting defendant, after trial by jury, of scheme to defraud in the first degree, fraud in the sale of securities (eight counts), issuing a false certificate of authenticity, and under separate indictment of a violation of probation on the underlying conviction of grand larceny in the third degree, and sentencing him to concurrent terms of 1½ to 3 years on the counts of scheme to defraud and fraud in the sale of securities and resentencing him upon the violation of probation to a consecutive term of 1 to 3 years, is unanimously modified, on the law and facts, to reverse the convictions of fraud in the sale of securities (eight counts), dismiss those counts and vacate the sentences imposed thereunder, and otherwise affirmed.

The proof herein showed the sale of unique, individually numbered (albeit counterfeit) lithographs to different buyers, at different times and at different prices. There was no pooling of funds, nor was there any substantial reliance by the purchasers upon the efforts of the promoters to produce profits but, rather, a reliance on the product itself to appreciate by itself over time. Despite defendant's exaggeration of the poten-

tial value, and his offer to exchange for set periods of time, the intrinsic value of the prints would rise or fall of their own accord and not solely on the basis of defendant's promotion *(see, Securities & Exch. Commn. v Howey Co.,* 328 US 293, 299). The defendant's promotion extended only to the immediate purchaser; the evidence did not show that he was promoting an investment scheme among a pool of investors so as to create any common enterprise *(see, Securities & Exch. Commn. v Howey Co., supra).*

Parenthetically, we note that while it may be argued these prints were commodities, as distinct from securities, such was not the theory of the indictment, the charge or the conviction. Accordingly, there is no reviewable issue of whether these prints would constitute commodities under the Martin Act. Further, since the sentences imposed on the conviction of the eight counts of fraud in the sale of securities were concurrent with the sentence imposed for the conviction for scheme to defraud, our reversal and vacatur as to the former does not mandate a remand for resentencing.

We have examined the remaining contentions by defendant and find them to be without merit. Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.